UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

WILDER FITNESS EQUIPMENT INC.

CRIMINAL NO. 3:24CR156-MPM-RP

15 U.S.C. § 1

## PLEA AGREEMENT

The United States Department of Justice, Antitrust Division ("United States") and Wilder Fitness Equipment Inc. ("defendant") enter into this Plea Agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). Hereinafter, the term "Plea Agreement" refers to this Plea Agreement and the accompanying Plea Supplement filed under seal on the same date.

## PARTIES TO AND SCOPE OF THE AGREEMENT

1. The defendant is a corporation organized under the laws of Mississippi and headquartered in Pontotoc, Mississippi. This Plea Agreement binds the defendant and the United States.

## RIGHTS OF DEFENDANT

2. The defendant understands its rights:

   (a)    to be represented by an attorney;

   (b)    to be charged by Indictment;

   (c)    to plead not guilty to any criminal charge brought against it;

   (d)    to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;



(e)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f)     to appeal its conviction if it is found guilty; and

(g)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

3.     The defendant knowingly and voluntarily waives:

(a)     the rights set out in subparagraphs 2(b)-(e) above;

(b)     the right to file any appeal or collateral attack that challenges its conviction, including but not limited to any appeal or collateral attack raising any argument that (i) the statute to which it is pleading guilty is unconstitutional; or (ii) the admitted conduct does not fall within the scope of such statute; and

(c)     the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.



2

4.      Under Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a two-count Information to be filed in the United States District Court for the Northern District of Mississippi.  The Information will charge the defendant with participating in:

(a)      a conspiracy to suppress and eliminate competition and restrain trade by rigging bids with COMPANY-1 and other co-conspirators for sports equipment and related services for schools and other government entities in the Northern District of Mississippi and elsewhere beginning at least in or around February 2014 and continuing through at least in or around September 2022, in violation of the Sherman Act, 15 U.S.C. § 1 ("Count 1"); and

(b)      a conspiracy to suppress and eliminate competition and restrain trade by rigging bids with COMPANY-2 and other co-conspirators for sports equipment and related services for schools in the Northern District of Mississippi and elsewhere beginning in at least in or around January 2015 and continuing through at least in or around April 2022, in violation of the Sherman Act, 15 U.S.C. § 1 ("Count 2").

5.      The defendant will plead guilty to the criminal charges described in Paragraph 4 under the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 6 below.

### RELEVANT CONSIDERATIONS

6.      The United States enters into this Plea Agreement based on the individual facts and circumstances of this case.  Among the facts considered were: the nature and seriousness of the offenses, which, as described more fully in Paragraph 7 below, included two long-standing conspiracies to rig bids for sports equipment; the complicity of the defendant's former owner; the



deterrent effect of prosecution; and that the victims are public schools and other local government entities.

## FACTUAL BASIS FOR OFFENSE CHARGED

7.    Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)    From at least as early as in or around February 2014 and continuing through at least in or around September 2022 ("relevant period"), the defendant, a corporation organized in Mississippi and headquartered in Pontotoc, Mississippi, (i) was engaged in the production and sale of sports equipment and related services to schools and other government entities in Mississippi; (ii) employed 50 or more individuals; and (iii) through its employees and agents, knew that some public schools and government entities in Mississippi required bids from two separate companies for sports equipment over $5,000.

(b)    Acts in furtherance of each of the conspiracies described below (Counts 1 and 2) were carried out within the Northern District of Mississippi through the defendant's employees and agents, and some of the schools and government entities affected by the conspiracies are located in this district.

(c)    At least 60 schools and government entities were affected as a result of the charged conspiracies.

### Count 1 (15 U.S.C. § 1)

(d)    For purposes of this Plea Agreement, the relevant period for Count 1 is that period from at least as early as February 2014 through at least as late as September 2022 ("Count 1 relevant period").

4



(e) During the Count 1 relevant period, the defendant, through CO-CONSPIRATOR-1, CO-CONSPIRATOR-2, CO-CONSPIRATOR-3, and CO-CONSPIRATOR-4 , knowingly entered into and engaged in a conspiracy with COMPANY-1, CO-CONSPIRATOR-5, and other co-conspirators to suppress and eliminate competition by rigging bids for sports equipment and related services for schools and other government entities in the Northern District of Mississippi and elsewhere, in violation of the Sherman Act, 15 U.S.C. § 1.

(f) In furtherance of the conspiracy, the defendant and co-conspirators did, among other things, the following:

    i. agreed in advance of the bids which co-conspirator would win the bid;

    ii. agreed to provide and submit complementary bids (that is intentionally higher-priced bids) to schools and other government entities;

    iii. submitted complementary bids to schools and other government entities on behalf of the defendant; and

    iv. received procurements on behalf the defendant for sports equipment and related services where complementary bids were submitted.

(g) The conspiracy to rig bids affected at least $1,393,005.05 of sales to the defendant from at least 66 procurements.

(h) During the Count 1 relevant period, the business activities of the defendant and its co-conspirators that are the subject of the conspiracy charged in Count 1 were within the flow of, and substantially affected, interstate trade and commerce. For example, payments for sales of sports equipment and related services travelled



from banks or companies located outside the state of Mississippi to the defendant in Mississippi.

## Count 2 (15 U.S.C. § 1)

(i)     For purposes of this Plea Agreement, the relevant period for Count 2 is that period from at least as early as January 2015 through at least as late as April 2022 ("Count 2 relevant period").

(j)     During the Count 2 relevant period, the defendant, though its CO-CONSPIRATOR-1 and CO-CONSPIRATOR-2, entered into and engaged in a conspiracy with COMPANY-2, CO-CONSPIRATOR-6, CO-CONSPIRATOR-7, CO-CONSPIRATOR-8, CO-CONSPIRATOR-9, CO-CONSPIRATOR-10, CO-CONSPIRATOR-11, CO-CONSPIRATOR-12, CO-CONSPIRATOR-13, CO-CONSPIRATOR-14, and other co-conspirators to suppress and eliminate competition by rigging bids for sports equipment and related services for schools in the Northern District of Mississippi and elsewhere, in violation of the Sherman Act, 15 U.S.C. § 1.

(k)     In furtherance of the conspiracy, the defendant and co-conspirators did, among other things, the following:

    i.      agreed in advance of the bids which co-conspirator would win the bid;

    ii.     agreed to provide and submit complementary bids (that is intentionally higher-priced bids) to schools;

    iii.    submitted complementary bids to schools on behalf of the defendant; and

    iv.     received procurements on behalf the defendant for sports equipment and related services where complementary bids were submitted.

6



(l)     The conspiracy to rig bids affected at least $580,490.40 of sales to COMPANY-2 from at least 17 procurements.

(m)     The largest procurement on which the defendant submitted a complementary bid in connection with this conspiracy was in the amount of $150,863.79.

(n)     During the Count 2 relevant period, the business activities of the defendant and its co-conspirators that are the subject of the conspiracy charged in Count 2 were within the flow of, and substantially affected, interstate trade and commerce. For example, payments for sales of sports equipment and related services traveled from banks or companies located outside the state of Mississippi to the defendant in Mississippi.

8.     Had this case gone to trial, the United States would have also presented evidence to show that the defendant entered into other conspiracies to suppress and eliminate competition by rigging bids for sports equipment and related services for schools in the Northern District of Mississippi and elsewhere, including with COMPANY-3.

## ELEMENTS OF THE OFFENSE

9.     The elements of the charged violation of 15 U.S.C. § 1 are that:

(a)     the conspiracy described in the Information existed at or about the time alleged;

(b)     the defendant knowingly engaged in the conspiracy; and

(c)     the conspiracy described in the Information either substantially affected interstate commerce in goods and services or occurred within the flow of interstate commerce in goods and services.



## POSSIBLE MAXIMUM SENTENCE

10.     The defendant understands that the statutory maximum penalty which may be imposed against it on conviction for each violation of 15 U.S.C. § 1 is a fine in an amount equal to the greatest of:

(a)     $100 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

11.     In addition, the defendant understands that:

(a)     under §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)      under U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)     under 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment for each count on conviction for the charged crime.

## SENTENCING GUIDELINES

12.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last



8

date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the 2024 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based on consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

<strong><u>GOVERNMENT'S AGREEMENT</u></strong>

13.     Subject to the terms of this Plea Agreement, and on the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States agrees that it will not bring further criminal charges against the defendant for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy relating to sports equipment and related services for schools and other government entities in the Northern District of Mississippi and elsewhere ("Relevant Offense"). The non-prosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401–402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence. The non-prosecution terms of this paragraph do not apply to any individual employees of the defendant.

14.     The defendant understands that it may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice, Antitrust Division, based on the conviction resulting from this Plea Agreement, and that this Plea

9



Agreement in no way controls what action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

15.    The defendant has reviewed all legal and factual aspects of this case with its attorney and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charges, and the nature and range of possible sentences. After conferring with its attorneys and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter this Plea Agreement.

## VOLUNTARY PLEA

16.    The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations in this Plea Agreement.

## BREACH OF PLEA AGREEMENT

17.    The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to comply

10



with the terms of the Plea Agreement, has otherwise violated any provision of this Plea

Agreement, or has committed any other crimes, the United States will notify counsel for the

defendant in writing by personal or overnight delivery or email transmission and may also notify

counsel by telephone of its intention to void any of its obligations under this Plea Agreement

(except its obligations under this paragraph), and the defendant will be subject to prosecution for

any federal crime of which the United States has knowledge including, but not limited to, the

substantive offenses relating to the investigation resulting in this Plea Agreement.  The defendant

agrees that, in the event that the United States is released from its obligations under this Plea

Agreement and brings criminal charges against the defendant for any Relevant Offense or

relating to conduct known to the United States before the date of the signing of this Plea

Agreement that is not time-barred by the applicable statute of limitations on the Effective Date of

this Agreement, the statute of limitations period for such offense will be tolled for the period

between the date of signature of this Plea Agreement and six (6) months after the date the United

States gave notice of its intent to void its obligations under this Plea Agreement.

18.     The defendant agrees that if it fails to comply with any of the provisions of this

plea agreement, including the failure to tender such agreement to Court, makes false or

misleading statements before the Court or to any agents of the United States, commits any

further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges

identified in paragraph 4 above), the United States will have the right to characterize such

conduct as a breach of the Plea Agreement.  In the event of such a breach, (a) the United States

will be free from its obligations under the agreement and to further take whatever position it

believes appropriate as to the sentence and the conditions of the defendant's release (for

example, should the defendant commit any conduct after the date of this agreement that would



11

form the basis in an increased in the defendant's offense level or justify an upward departure—examples of which include but are not limited to; obstruction of justice; failure to appear for a court proceeding; criminal conduct while pending sentencing; and false statements to law enforcement agents, the Probation Office, or the Court—the United States is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes which it has committed or might commit, if any, including perjury and obstruction of justice; and (d) the defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by it pursuant to this agreement, including offering into evidence or otherwise using the accompanying Agreed Factual Basis for Guilty Plea.

## PUBLIC STATEMENTS BY THE DEFENDANT

19. The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts described in the Information or the Factual Basis section of this Plea Agreement. Any such contradictory statement will, subject to cure rights of the defendant described below, constitute a violation of this Plea Agreement, and the defendant thereafter will be subject to prosecution. The decision whether any public statement by any such person contradicting a fact contained in the

12



Information or the Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purpose of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States. If the United States determines that a public statement by any such person contradicts in whole or in part a statement contained in the Information or the Factual Basis section of this Plea Agreement, the United States shall so notify the defendant, and the defendant may avoid a violation of this Plea Agreement by publicly repudiating such statement(s) within five (5) business days after notification. The defendant will be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Information and the Factual Basis section of this Plea Agreement provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Information or the Factual Basis section of this Plea Agreement. This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of the defendant.

20.     The defendant agrees that if it issue a press release or holds any press conference in connection with this Plea Agreement, the defendant shall first consult the United States to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the United States and the defendant; and (b) whether the United States has any objection to the release or proposed statements.



13

## ENTIRETY OF AGREEMENT

21. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

22. The undersigned is authorized to enter this Plea Agreement on behalf of the defendant.

23. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

24. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.



14

This the _10th_ day of _December_____, 2024.

_____
Laura J. Butte
Assistant Section Chief

Jillian M. Rogowski
Marc P. Hedrich
Hannah E. Muller
Trial Attorneys

U.S. Department of Justice
450 Fifth Street, N.W.
Antitrust Division
Washington, D.C. 20530


AGREED AND CONSENTED TO:          APPROVED:

WILDER FITNESS EQUIPMENT INC.

BY: _____       BY: _____
    Johnny Everett Wilder              Anthony L. Farese   MSB #5133
    President, Wilder Fitness          Counsel for Defendant
    Equipment Inc.

15